[No. 11075-3-III.   Division Three.   February 25, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES TERROVONIA,[†] *Appellant*.

---

[†]Although this spelling appeared on the information, we have used the correct spelling in the opinion.

*Richard G. Wernette* and *McAdams, Ponti & Wernette, P.S.,* for appellant.

*James L. Nagle, Prosecuting Attorney,* and *Gabriel E. Acosta, Deputy,* for respondent.

MUNSON, J. — James Terrovona appeals his conviction for unlawful possession of marijuana by a prisoner. He contends the conviction was based on selective reporting of unlawful prisoner conduct by the prison authorities to the Walla Walla County prosecutor in violation of WAC 137-28-035, which led to selective prosecution in violation of the equal protection clauses, U.S. Const. amend. 14 and Washington Const. art. 1, § 12. He also challenges the denial of his motion to compel discovery to develop the selective prosecution charge.

In June 1989, following a conjugal trailer visit, Mr. Terrovona "surrendered" 3 grams of marijuana during a "feces watch" at the Washington State Penitentiary where he was serving a sentence. An infraction report and notice of meeting was prepared and acknowledged by Mr. Terrovona in June 1989. The notice did not indicate criminal charges were pending. The report, obtained after informing Mr. Terrovona of his rights, contained his acknowledgment of guilt. A hearing was held in August 1989 and administrative sanctions were imposed.

Based on this incident, Mr. Terrovona was charged in October 1989 with possession of a controlled substance by a prisoner, RCW 9.94.041.[1] He moved to dismiss the charge

---

[1]RCW 9.94.041 provides:

"Every person serving a sentence in any penal institution of this state who, without authorization, while in such penal institution . . . knowingly possesses

on the ground the prosecution was unconstitutionally selective.

Mr. Terrovona then filed and served specific requests for discovery, including discovery of: the number of similar incidents occurring at the penitentiary in 1987 through 1989 and the number which resulted in administrative action within the penitentiary without referral for prosecution; the standards used in reporting the incidents for prosecution; the standards used by the Walla Walla County prosecutor's office in deciding whether to prosecute; and the number of prosecutions which led to criminal charges and convictions. The State refused to answer these specific requests.

Mr. Terrovona filed a CrR 4.7(e)(1)[2] motion to compel discovery. This motion was supported by affidavits. The affidavit of Mr. Terrovona's counsel stated discovery was necessary to develop the selective prosecution defense. Three other affidavits alleged motivations for Mr. Terrovona's prosecution unrelated to the crime charged.

(a) In the first affidavit, Mr. Terrovona stated he had brought two civil lawsuits against the Department of Corrections and a habeas corpus petition, all in the United States District Court; a witness in these suits, Sergeant Hartford, a Washington State Penitentiary employee, is allegedly involved in reporting violations to the prosecutor; the State sought a conviction on this possession charge to use in the pending civil cases and to prevent his retrial or release in the event his habeas corpus petition was granted; and he had personal knowledge of numerous inmates found in unlawful possession of controlled substances but not criminally charged.

---

or carries upon his or her person or has under his or her control any . . . controlled substance . . . is guilty of a class C felony. The sentence imposed under this section shall be in addition to any sentence being served."

[2]CrR 4.7 provides:

"**(e) Discretionary Disclosures.**

"(1) Upon a showing of materiality to the preparation of the defense, and if the request is reasonable, the court in its discretion may require disclosure to the defendant of the relevant material and information not covered by sections (a), (c) and (d)."

(b) In the second affidavit, Mr. Terrovona specifically named nine inmates found in possession of controlled substances who were administratively sanctioned but not charged.

(c) In the third affidavit, Mr. Terrovona advised the court of the administrative action taken against him by prison authorities and that a similar charge against Mark C. Reinhardt had been dismissed because Mr. Reinhardt, like Mr. Terrovona, had received disciplinary action at the prison.

On January 8, 1990, a hearing was held on the motions to dismiss and to compel discovery. Sergeant. Hartford testified the reason one of the nine inmates listed in Mr. Terrovona's affidavit had been administratively sanctioned but not charged was lack of adequate proof of possession. The controlled substance had been discovered by fluoroscope inspection of mail addressed to the inmate and had been confiscated before reaching the inmate. Sergeant Hartford also testified that pursuant to WAC 137-28-035[3] incidents of possession of a controlled substance by a prisoner were referred to the Walla Walla Police Department:

Q: So all cases are referred to the police department?
A: Yes. There is some discretionary application to that based on quantity or circumstances surrounding the discovery.
Q: And aside from quantity, what sort of circumstances?
A: For example, cell-search recoveries where there's a multitude or multiple occupants in the cell, which historically have not been prosecuted by the prosecutor's office.[4]

---

[3]WAC 137-28-035 states:

"(1) It shall be the duty of the superintendent to report any violation of a federal, state, or local law to law enforcement authorities.

"(2) If a violation has been reported to law enforcement authorities, an inmate who has been charged with an infraction shall not be questioned about the incident, outside of a formal disciplinary hearing or an administrative segregation hearing, held pursuant to this chapter, until after it has been determined that no prosecution will occur or until a finding of guilt is made.

"(3) The provisions in this rule shall not preclude the reasonable segregation of the inmate in accordance with administrative segregation rules appearing in this chapter."

[4]See In re Anderson, 112 Wn.2d 546, 772 P.2d 510 (1989) (in upholding the cell tag regulation (WAC 137-28-031), the court held that a lesser standard of evidence satisfies due process when administrative action is taken against prison inmates).

The court denied both motions in a letter decision, rejecting the argument the prosecution occurred "because of the pending suits and because he is a 'jailhouse lawyer' ". The trial court ruled Mr. Terrovona failed to show the prosecution had a discriminatory effect and did not reach the issue of discriminatory purpose. Mr. Terrovona was convicted and he appeals.

### PRISON AUTHORITIES

Mr. Terrovona first contends the prison authorities exercised discretion in reporting prison violations to the Walla Walla County prosecutor in violation of WAC 137-28-035, which led to unconstitutional selective prosecution.

■ While reporting prison violations may constitute selective prosecution, the case before us is the prosecution by the State under RCW 9.94.041 and not the administrative action by the prison authorities. Whether WAC 137-28-035 permits the exercise of discretion by prison authorities must wait for resolution when the facts are before us. Mr. Terrovona cannot bootstrap his complaints against the prison authorities for violation of their prison administrative code into a challenge of the prosecuting attorney's discretionary decision to prosecute based on state criminal law, particularly in this case where the evidence is compelling.

### WALLA WALLA COUNTY PROSECUTOR

Mr. Terrovona also challenges the denial of his motion to dismiss on grounds of unconstitutional selective prosecution by the Walla Walla County prosecutor.

■ A criminal prosecution is presumed to be undertaken in good faith. *United States v. Bennett*, 539 F.2d 45, 54 (10th Cir.), *cert. denied*, 429 U.S. 925 (1976). Prosecutors may exercise broad discretion in the selection of offenses to prosecute. *State v. Judge*, 100 Wn.2d 706, 713, 675 P.2d 219 (1984). The decision to prosecute includes consideration of the public interest involved, the strength of the State's case, deterrence value, the State's priorities, and the case's relationship to the State's general enforcement plan. *Wayte v. United States*, 470 U.S. 598, 607, 84 L. Ed. 2d 547, 105 S.

Ct. 1524 (1985); *Judge*, at 713. "[S]electivity in enforcement is not in itself a federal constitutional violation." *Oyler v. Boles*, 368 U.S. 448, 456, 7 L. Ed. 2d 446, 82 S. Ct. 501 (1962).

To succeed in an unconstitutional selective prosecution claim the defendant must show (1) disparate treatment, *i.e.*, failure to prosecute those similarly situated, and (2) improper motivation for the prosecution. *Wayte*, 470 U.S. at 602-03. Improper motivation for prosecution means a selection deliberately based on "an unjustifiable standard such as race, religion, or other arbitrary classification." *Judge*, at 713.

Here, the prosecutor had probable cause to support the prosecution for possession of a controlled substance by a prisoner. There was no issue of possession or knowledge. The infraction report indicated Mr. Terrovona acknowledged his guilt. The decision to prosecute Mr. Terrovona "was rationally based on the prosecutor's ability to prove the charge." *Judge*, at 713.

The record shows one inmate listed on the second affidavit was not charged because of the absence of probable cause to support that inmate's offense. Mr. Terrovona has failed to show other inmates with cases pending against officials have been singled out for prosecution. Inmates not members of this group are also prosecuted and subjected to administrative proceedings. Mr. Terrovona did not allege the nine inmates who received different treatment had cases pending against the State.

In *Bennett*, it was asserted that hundreds of other prisoners had not been prosecuted for similar resistance to rectal searches and the reason for his prosecution was to curb his First Amendment rights and to retaliate for his activities as a "jailhouse lawyer" who had helped over 100 prisoners and filed over 25 civil pleadings. On review, these assertions were found insufficient to overcome the presumption the prosecution was in good faith. *Bennett*, at 54.

Mr. Terrovona did not present any prima facie evidence of unconstitutional selective or vindictive prosecution. He failed to show discriminatory effect and discriminatory purpose. *See Wayte*, 470 U.S. at 605. The conviction should be affirmed, unless, as Mr. Terrovona contends, he was entitled to further discovery which could develop his defense.

## MOTION TO COMPEL DISCOVERY

■ Mr. Terrovona also contends he made a showing sufficient to entitle him to further discovery under CrR 4.7(e)(1), as discussed by the dissent in *Wayte*, 470 U.S. at 615 (Marshall, J., dissenting, and Brennan, J., joining). The weight of authority requires a "colorable basis", to grant a motion to compel discovery in order to develop an unconstitutional selective prosecution claim. *United States v. Adams*, 870 F.2d 1140, 1146 (6th Cir. 1989); *United States v. Gordon*, 817 F.2d 1538, 1540 (11th Cir. 1987); *United States v. Murdock*, 548 F.2d 599, 600 (5th Cir. 1977) (and citations therein). "A colorable basis is some evidence tending to show the essential elements of the claim." *United States v. Heidecke*, 900 F.2d 1155, 1159 (7th Cir. 1990). The evidence must "rise beyond the level of unsupported allegations". *Heidecke*, at 1159.

In *Adams*, at 1146, the court took the "unusual step" of permitting discovery to develop an unconstitutional selective prosecution claim. There, the motion to compel discovery was accompanied by supporting affidavits of a former Internal Revenue Service employee and a former Equal Employment Opportunity Commission (EEOC) employee. The latter expressed his belief the EEOC prosecution was instigated as revenge for a discrimination suit brought by Ms. Adams. *Adams*, at 1140. Mr. Terrovona's allegations are too speculative to meet the "colorable basis" standard.

■ The scope of discovery is "within the trial court's sound discretion and . . . will not be disturbed absent a manifest abuse of that discretion." *State v. Yates*, 111 Wn.2d

793, 797, 765 P.2d 291 (1988). The trial court did not abuse its discretion in denying the motion to compel further discovery.

Affirmed.

SHIELDS, C.J., and GREEN, J. Pro Tem., concur.

Review denied at 119 Wn.2d 1015 (1992).