[No. 20601-3-II. Division Two. November 21, 1997.]

ROGER HANNUM, *Appellant*, v. KATHERINE BAROS
FRIEDT, ET AL., *Respondents.*

*Roger Hannum*, pro se.

*Christine O. Gregoire, Attorney General*, and *Robert C. Hargreaves* and *Derek L. Edwards, Assistants*, for respondents.

BRIDGEWATER, J. — Roger Hannum's automobile dealer license was summarily suspended by the Washington State Department of Licensing (DOL). Hannum filed suit against DOL and three DOL employees claiming a 42 U.S.C. § 1983 violation of his due process rights. Hannum appeals the summary judgment dismissal of his claim against the in-

dividual defendants. We hold that the director and administrator of DOL had absolute immunity from suit, and that the complaint against the investigator failed to state a claim upon which relief could be granted. We affirm.

From 1991 through October 1993, Hannum, a wholesale vehicle dealer, purchased an average of four used vehicles a week directly from James Kosta of California. The vehicles were shipped to the parking lot of the Puget Sound Auto Auction in Kent, Washington, where Hannum or his wife would fill out the dealer jackets and write in the odometer reading before sending the vehicles to Miracle Auto Repair of Auburn for any needed mechanical work. On October 8, 1993, Hannum testified in Sacramento, California, for the Justice Department and the United States Attorney's Office before a federal grand jury investigating Kosta for odometer tampering.

On December 1, 1993, DOL issued a statement of charges charging Hannum with violating RCW 46.70.180(2), which prohibits the use of false, deceptive, or misleading statements in a purchase and sale agreement. DOL issued a notice and order of summary suspension suspending Hannum's vehicle dealer license the same day. The statement of charges alleged that Hannum

> violated RCW 46.70.180(2), within the scope of RCW 46.70.101(1)(b)(vii),[1] by incorporating within the terms of a purchase and sale agreement a statement or representation with regard to the sale or financing of a vehicle which was false, deceptive or misleading. Such activity includes falsely representing to the purchasers of those vehicles listed as one (1) through twenty three (23) on Attachment A . . . that the odometer miles on the vehicles were fewer than the actual miles that had previously accumulated on the respective odometers.

---

[1]RCW 46.70.101(1)(b)(vii) authorizes the director to deny, suspend, or revoke the license of any vehicle dealer if the director finds that it is in the public interest and that the vehicle dealer has committed any act in violation of RCW 46.70.180, relating to unlawful acts and practices.

The statement of charges informed Hannum that he could demand a formal administrative hearing regarding the charges and that, at that hearing, he would have the right to present evidence and witnesses on his behalf, and to cross-examine those witnesses presented in support of the charges. Hannum did request a formal administrative hearing, which took place February 25, 1994. The notice and order of summary suspension stated, "[t]he Director of the Department of Licensing finds that the public welfare imperatively requires emergency action pending further proceedings due to the nature of the allegations, supported by investigations by agents of the Department of Licensing, which indicate violations of RCW 46.70.180(2)." Based on these findings, the director concluded that Hannum's "vehicle dealer license should be summarily suspended for cause pending further suspension or revocation proceedings, pursuant to RCW 34.05.422(4)[2] of the Administrative Procedure Act and RCW 46.70.101."

Hannum filed a complaint in Thurston County Superior Court on January 18, 1994, against DOL; Katherine Baros Friedt, the Director of DOL; Heather Hamilton, an administrator at DOL; Jan Gerrish, an investigator at DOL; and Christine Gregoire, the Attorney General. The complaint requested an injunction against enforcement of the summary suspension and claimed damages under 42 U.S.C. § 1983[3] for violation of Hannum's due process rights. Hannum obtained a temporary restraining order and a preliminary injunction in late January 1994, enjoin-

---

[2]RCW 34.05.422(4) states: "If the agency finds that public health, safety, or welfare imperatively requires emergency action, and incorporates a finding to that effect in its order, summary suspension of a license may be ordered pending proceedings for revocation or other action. These proceedings shall be promptly instituted and determined."

[3]42 U.S.C. § 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

ing DOL from enforcing the summary suspension order. On January 27, 1994, DOL filed an amended statement of charges and an amended notice and order of summary suspension based on evidence that Hannum sold 154 vehicles with odometers rolled back by an average of 40,000 miles each.

The administrative law judge (ALJ) who presided over Hannum's February 25, 1994 administrative hearing issued an order on April 7, finding that Hannum violated RCW 46.70.180(2), revoking Hannum's vehicle dealer license, and assessing a $3,000 sanction. The director of DOL issued a final order on July 29, substantially adopting the ALJ's order.[4] On May 31, Hannum filed another complaint against the same defendants,[5] which was eventually consolidated with the original suit.[6] Following a motion for summary judgment by DOL, the trial court dismissed Hannum's claim against DOL for failure to state a claim upon which relief can be granted and dismissed his claims against the individual defendants, Friedt, Hamilton and Gerrish, based on absolute immunity from suit. Hannum now appeals the trial court's dismissal of his claims against the individual defendants.

In considering an appeal from an order on summary judgment, an appellate court engages in the same inquiry as the trial court. *Robinson v. City of Seattle*, 119 Wn.2d 34, 57, 830 P.2d 318, *cert. denied*, 506 U.S. 1028

---

[4]Hannum sought judicial review of the revocation order in Thurston County Superior Court but the appeal was eventually dismissed for failure to perfect and prosecute it. This court has recently affirmed that Thurston County order of dismissal in an unpublished opinion, *Hannum v. Department of Licensing*, 87 Wn. App. 1058 (1997).

[5]Christine Gregoire was not named as a defendant in the second suit. The Attorney General was dismissed as a defendant in the original suit when Hannum's attorney acknowledged that she had been named as a defendant for notice purposes only.

[6]In addition to his 42 U.S.C. § 1983 violation of due process claim, Hannum asserted in the second suit claims of defamation, intentional and negligent infliction of emotional distress, interference with business relationships, and negligent investigation. Hannum conceded to dismissal of these claims at summary judgment.

(1992). The reviewing court is to consider all facts submitted and all reasonable inferences from the facts in the light most favorable to the nonmoving party. *Robinson*, 119 Wn.2d at 57; *Marincovich v. Tarabochia*, 114 Wn.2d 271, 274, 787 P.2d 562 (1990). Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c). Hannum contends on appeal that material facts exist as to whether the individual defendants enjoy absolute immunity from suit and whether the defendants acted reasonably in summarily suspending Hannum's vehicle dealer license.[7] The defendants' entitlement to immunity may be established on a motion for summary judgment because the issue of immunity is a question of law. *Sintra, Inc. v. City of Seattle*, 119 Wn.2d 1, 25, 829 P.2d 765, *cert. denied sub nom. Robinson v. City of Seattle*, 506 U.S. 1028 (1992); *Robinson*, 119 Wn.2d at 65.

■■ Judicial immunity extends to governmental agencies and executive branch officials performing quasi-judicial functions. *Taggart v. State*, 118 Wn.2d 195, 204, 822 P.2d 243 (1992). Prosecutors enjoy absolute immunity from 42 U.S.C. § 1983 civil suits when initiating a prosecution and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); *Babcock v. State*, 116 Wn.2d 596, 610, 809 P.2d 143 (1991); *Collins v. King County*, 49 Wn. App. 264, 268, 742 P.2d 185 (1987). "The charging function is so intimately related to the judicial process that prosecutorial immunity must

---

[7]We need not decide whether the defendants acted reasonably in summarily suspending Hannum's license. The relevant inquiry is not whether the summary suspension should have been issued but whether the statutory procedure itself, RCW 34.05.422(4), is capable of affording due process. *Hodel v. Virginia Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 302, 101 S. Ct. 2352, 2389, 69 L. Ed. 2d 1 (1981); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1318 (9th Cir. 1989). Hannum did not claim below and does not claim on appeal that RCW 34.05.422(4) is incapable of affording due process. *See also In re Estate of Kepl v. State*, 34 Wn. App. 5, 11, 659 P.2d 1108 (1983).

apply." *Collins*, 49 Wn. App. at 271. "The public policy of allowing the prosecutor the freedom to charge or not to charge must be upheld to ensure the independence of that decisionmaking process." *Collins*, 49 Wn. App. at 272-73.

██ ██ Judicial immunity also shields administrative agency officials who participate in agency adjudications. *Butz v. Economou*, 438 U.S. 478, 512-13, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978). The *Butz* court deemed it "untenable to draw a distinction for purposes of immunity law between suits brought against state officials under § 1983 and suits brought directly under the Constitution against federal officials." *Butz*, 438 U.S. at 504. "We think that adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages." *Butz*, 438 U.S. at 512-13. The Court based its holding on the fact that

> federal administrative law requires that agency adjudication contain many of the same safeguards as are available in the judicial process. The proceedings are adversary in nature. They are conducted before a trier of fact insulated from political influence. A party is entitled to present his case by oral or documentary evidence, and the transcript of testimony and exhibits together with the pleadings constitute the exclusive record for decision. The parties are entitled to know the findings and conclusions on all of the issues of fact, law, or discretion presented on the record.

*Butz*, 438 U.S. at 513 (citations omitted). The Court compared an agency official initiating an administrative adjudication to a prosecutor:

> We also believe that agency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts. The decision to initiate administrative proceedings against an individual or corporation is very much like the prosecutor's decision to initiate or move forward with a criminal prosecution. An agency official, like a prosecutor, may have broad discretion in deciding whether a proceeding should be brought and what sanctions should be sought.

*Butz*, 438 U.S. at 515. The Court reasoned that "[t]he discretion which executive officials exercise with respect to the initiation of administrative proceedings might be distorted if their immunity from damages arising from that decision was less than complete." *Butz*, 438 U.S. at 515. The Court also noted that

> [t]he defendant in an enforcement proceeding has ample opportunity to challenge the legality of the proceeding. An administrator's decision to proceed with a case is subject to scrutiny in the proceeding itself. The respondent may present his evidence to an impartial trier of fact and obtain an independent judgment as to whether the prosecution is justified.

*Butz*, 438 U.S. at 515-16.

> We believe that agency officials must make the decision to move forward with an administrative proceeding free from intimidation or harassment. Because the legal remedies already available to the defendant in such a proceeding provide sufficient checks on agency zeal, we hold that those officials who are responsible for the decision to initiate or continue a proceeding subject to agency adjudication are entitled to absolute immunity from damages liability for their parts in that decision.

*Butz*, 438 U.S. at 516.

Even viewing the evidence in the light most favorable to Hannum, there is no genuine issue of material fact regarding whether Friedt, the director of DOL, and Hamilton, an administrator at DOL, enjoy absolute immunity from suit. Friedt was initiating an administrative adjudication when she signed the original and amended statement of charges and notice and order of summary suspension. Friedt is entitled to absolute immunity with respect to her decision to charge Hannum with violating RCW 46.70.180(2) and with respect to her decision to summarily suspend his vehicle dealer license because she was an agency official performing functions analogous to those of a prosecutor.

As administrator of the Dealer and Manufacturer Ser-

vices Division of DOL, Hamilton investigated complaints against licensed vehicle dealers and recommended charges against those dealers. Hamilton advised

[the Director] of the magnitude of sales of vehicles by Roger Hannum d/b/a Hannum Motors in November or December 1993.

. . . [Hamilton] recommended to the Director that a Summary Suspension be issued to prevent further harm to the consumers of this state.

. . . [Hamilton] was present at the regularly scheduled administrative hearing, conducted on February 25, 1994, when Hannum Motors contested the allegation that it made false, deceptive, or misleading statements on purchase and sale agreements about the odometer mileage.

Hamilton is immune from suit because she was acting in a prosecutorial role of an administrative adjudication when she recommended the summary suspension of Hannum's vehicle dealer license and participated in the formal administrative hearing that resulted in the revocation of Hannum's vehicle dealer license.

Gerrish, an investigator with the Dealer and Manufacturer Services Division of DOL, was assigned to investigate Hannum's odometer tampering case. Gerrish obtained 152 certified title records from the state of California and obtained the purchasing dealers' wholesale purchase and sale agreements admitted in the administrative hearing. Gerrish also interviewed Hannum in September 1993, on behalf of the Department of Justice, as part of the federal investigations of James Kosta and Jerry Case for odometer tampering.

The trial court dismissed Hannum's suit against Gerrish on summary judgment based on Gerrish's absolute immunity from suit. Although dismissal of the claim by summary judgment was correct, the proper ground for dismissal was Hannum's failure to state a claim upon which relief could be granted. We can affirm on any grounds established by the pleadings and supported by the proof.

*Schumacher Painting Co. v. First Union Management, Inc.*, 69 Wn. App. 693, 701, 850 P.2d 1361, *review denied*, 122 Wn.2d 1013 (1993).

■■ The initial inquiry in a 42 U.S.C. § 1983 claim focuses on whether two essential elements are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived a person of rights, privileges, or immunities secured by the constitution or laws of the United States. *In re Estate of Kepl v. State*, 34 Wn. App. 5, 9, 659 P.2d 1108 (1983) (citing *Parratt v. Taylor*, 451 U.S. 527, 536-37, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). Gerrish was acting under color of state law when she investigated Hannum for possible odometer tampering and when she obtained certified title records from the state of California and wholesale purchase and sale agreements from the dealers who purchased vehicles from Hannum. The proper inquiry is whether Gerrish, by investigating Hannum's transactions, deprived Hannum of property without due process of law. *Kepl*, 34 Wn. App. at 9-10. Hannum fails to specify how Gerrish's investigative actions deprived him of property without due process of law. The complaints allege that "[t]he actions of Defendants to summarily suspend Mr. Hannum's license violates his due process rights under the United States and State of Washington Constitutions." Hannum's due process claim focuses on the defendants' actions of summarily suspending his vehicle dealer license. Personal participation in the alleged violation is an essential allegation in a § 1983 claim. *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Gerrish did not personally participate in the filing of charges against Hannum or in the summary suspension of Hannum's vehicle dealer license.

We affirm the trial court's dismissal by summary judgment of Hannum's claim against Gerrish because there is no genuine issue of material fact regarding whether Ger-

rish personally participated in issuing the summary suspension order or otherwise deprived Hannum of rights, privileges, or immunities.

Affirmed.

HOUGHTON, C.J., and ARMSTRONG, J., concur.