# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54424-5-II |
| Respondent, | |
| v. | |
| HENRY ANTHONY SADOWSKI, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Henry Sadowski appeals his sentence for bail jumping. He argues the trial court should have counted two prior convictions as the same criminal conduct when calculating his offender score and that his offender score must be recalculated in light of *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). Sadowski also seeks reversal of his conviction in a Statement of Additional Grounds (SAG) for Review. We agree that *Blake* requires us to remand for resentencing, but otherwise affirm.

## FACTS

In 2020, Sadowski was convicted of bail jumping and sentenced to 44 months confinement. At sentencing, the trial court determined that Sadowski's 2009 convictions for second degree robbery and third degree assault did not constitute the same criminal conduct for purposes of calculating his offender score in 2020.

According to the probable cause statement supporting Sadowski's 2009 arrest, Sadowski and Frank McKinley asked J. Ewing to drive them to a grocery store for beer. On the way back from the store, McKinley grabbed and choked Ewing. Ewing stopped the car and was forced out

of it. Sadowski then threw a beer bottle at Ewing, which hit and cut Ewing's head. Sadowski and McKinley left in Ewing's car, which they burned and abandoned.

Ewing identified McKinley in a photomontage. Sheriff's deputies found McKinley and Sadowski together in a car during a traffic stop. Both denied being part of a robbery, but Sadowski acknowledged he had been with McKinley the night of the incident, and the deputies arrested both men.

Sadowski was charged with and pleaded guilty to second degree robbery, third degree assault, and first degree malicious mischief in the Pierce County Superior Court. The trial court did not find that any of the offenses were the same criminal conduct.

In the instant case, Sadowski was charged with second degree burglary in Thurston County. He posted bond and was released after signing documents promising to appear for all scheduled hearings. Sadowski appeared for a scheduled hearing in July 2018, but the trial court continued the hearing date to August. Sadowski signed the continuance order, which warned that if he failed to appear at the rescheduled hearing he could be arrested and prosecuted for bail jumping.

Sadowski failed to appear for the rescheduled August hearing, and the trial court issued a bench warrant for his arrest. A few days later, the State filed an amended information adding a bail jumping charge.

Five months later, Sadowski was arrested on the bench warrant. Sadowski again posted bail, was released, and appeared for all subsequent hearings. Just before trial, the State dismissed the burglary charge, so the parties proceeded to a bench trial on the bail jumping charge only.

Sadowski testified that he failed to appear at the August 2018 hearing because he did not have transportation and was sick. Sadowski acknowledged, however, that he was not sick the entire five-month period until his arrest. He also explained that he had to rely on other people or public transportation for rides, but nothing had physically prevented him from going to court. Sadowski conceded that he had no excuse for not appearing or turning himself in.

In its closing argument, Sadowski's counsel conceded the State proved that Sadowski was guilty of bail jumping.[1] Counsel argued that circumstances beyond Sadowski's control—illness and lack of transportation—excused his failure to appear at the August 2018 hearing. But defense counsel acknowledged that Sadowski could not establish the uncontrollable circumstances affirmative defense to bail jumping because there was no evidence that he "appeared or surrendered as soon as the circumstances [preventing his appearance] ceased [to exist]." Verbatim Report of Proceedings (VRP) (Jan. 2, 2020) at 51-52; RCW 9A.76.170(2).

The trial court convicted Sadowski of bail jumping. At sentencing, Sadowski asked the court to find that his 2009 convictions for second degree burglary, third degree assault, and first degree malicious mischief constituted the same criminal conduct for purposes of calculating his offender score. Sadowski argued the offenses occurred at "the same time, in the same place, involved the same victim, and . . . [his] overall criminal intent remained the same throughout the incident." Supplemental Clerk's Papers (Supp. CP) at 53.

---

[1] Sadowski's counsel explained at sentencing that he chose to concede guilt to lay the groundwork for seeking an exceptional downward sentence at the penalty phase. The transcript indicates Sadowski "nod[ded] affirmatively" to this explanation. Verbatim Report of Proceedings (VRP) (Jan. 16, 2020) at 64.

Sadowski also requested an exceptional sentence below the standard range, asserting that a standard range sentence would be excessive punishment for missing a single hearing. Sadowski included a declaration from a pretrial services employee, Kelley McIntosh, showing his compliance history, including that he called pretrial services on the date of the missed hearing to explain that he had no transportation.

In response, the State countered that the 2009 offenses did not constitute the same criminal conduct primarily because they did not occur at the same time. Relevant to this appeal, the State argued Sadowski "had already thrown [Ewing] out of the vehicle and committed the robbery" before assaulting him with the bottle. Suppl. CP at 73.

The trial court agreed with the State, concluding that Sadowski did not meet his burden of showing that any of the 2009 offenses constituted the same criminal conduct. Sadowski's criminal history included a prior conviction for possession of a controlled substance, which added one point to his offender score. Based on an 8 point offender score, the trial court sentenced him to 44 months, the low end of the 43-57 month standard range.

After Sadowski was sentenced, our Supreme Court decided *State v. Blake*, holding that Washington's strict liability drug possession statute, RCW 69.50.4013(1), violates state and federal due process clauses, and therefore is void. 197 Wn.2d at 195.

Sadowski appeals his sentence. He also seeks reversal of his conviction in a SAG.

ANALYSIS

I. OFFENDER SCORE

A.    *Same Criminal Conduct Principles and Standard of Review*

A trial court calculating an offender score must address whether any prior offenses constitute the same criminal conduct. *State v. Valencia*, 2 Wn. App. 2d 121, 125, 416 P.3d 1275 (2018). "[F]or . . . prior adult offenses for which sentences were served concurrently, the current sentencing court must determine 'whether those offenses shall be counted as one offense or as separate offenses'" under RCW 9.94A.589(1)(a)'s same criminal conduct analysis. *Id.* at 125-26 (quoting RCW 9.94A.525(5)(a)(i)).

"[T]wo or more offenses constitute the 'same criminal conduct' when they 'require the same criminal intent, are committed at the same time and place, and involve the same victim.'" *Id.* at 125 (quoting *State v. Aldana Graciano*, 176 Wn.2d 531, 540, 295 P.3d 219 (2013)); RCW 9.94A.525(5)(a)(i). The defendant bears the burden of proving that two or more offenses constitute the same criminal conduct. *Valencia*, 2 Wn. App. 2d at 125.  If the defendant fails to show any one of the elements, the offenses will be deemed separate criminal conduct. *Aldana Graciano*, 176 Wn.2d at 540.  And the same criminal conduct "'statute is generally construed narrowly to disallow most claims that multiple offenses constitute the same criminal act.'" *State v. Hatt*, 11 Wn. App. 2d 113, 142, 452 P.3d 577 (2019) (quoting *State v. Porter*, 133 Wn.2d 177, 181, 942 P.2d 974 (1997)).

We review de novo the trial court's offender score calculation but review underlying factual determinations for an abuse of discretion. *State v. Johnson*, 180 Wn. App. 92, 100, 320 P.3d 197 (2014). We, thus, review the trial court's same criminal conduct determination for

abuse of discretion. *Aldana Graciano*, 176 Wn.2d at 536. A trial court abuses its discretion in this context "when the record supports only one conclusion on whether crimes constitute the 'same criminal conduct.'" *Id.* at 537-38. But "where the record adequately supports either conclusion, the matter lies in the court's discretion." *Id.* at 538. If an offender score error "affects the applicable sentencing range, resentencing is required." *State v. Kilgore*, 167 Wn.2d 28, 41, 216 P.3d 393 (2009).

     1. *Whether the Robbery and Assault Occurred at the Same Time*

According to Sadowski, the trial court abused its discretion because under Washington's "transactional" view of robbery, the robbery was not complete when Sadowski and McKinley threw Ewing out of the car. Br. of Appellant at 5. Sadowski claims that throwing the bottle at Ewing was the force that completed the robbery because it helped them effect their escape. We disagree.

"Multiple offenses will be treated as occurring at the same time if they are 'part of a continuous, uninterrupted sequence of conduct over a very short period of time.'" *Valencia*, 2 Wn. App. 2d at 126 (quoting *Porter*, 133 Wn.2d at 183). And multiple offenses do not occur at the same time where one offense was complete before the next began. *See State v. Knight*, 176 Wn. App. 936, 961-62, 309 P.3d 776 (2013).

Sadowski is correct that Washington courts "have adopted a 'transactional' analysis of robbery, whereby the force or threat of force need not precisely coincide with the taking" and "[t]he taking is ongoing until the assailant has effected an escape." *State v. Truong*, 168 Wn. App. 529, 535-36, 277 P.3d 74 (2012). Accordingly, "The definition of 'robbery' . . . includes 'violence during flight immediately following the taking.'" *State v. Thomas*, 192 Wn. App. 721,

725, 371 P.3d 58 (2016) (quoting *State v. Manchester*, 57 Wn. App. 765, 770, 790 P.2d 217 (1990)); *see also* RCW 9A.56.190, 210.

In *Knight*, this court held that a robbery and assault did not occur at the same time for purposes of the same criminal conduct test where the defendant took the victim's ring at gunpoint and had not yet fled the victim's home when an accomplice assaulted the victim. 176 Wn. App. at 961-62. "Knight removed the ring from Charlene's finger while [an accomplice] held the firearm." *Id.* at 961. Then, another accomplice demanded Charlene tell them where the family's safe was located, and "kick[ed] Charlene in the head in an attempt to get the safe." *Id.* This court adopted the trial court's reasoning that "'[T]he robbery . . . of the ring . . . was completed before the assault[] . . . occurred. Therefore . . . [the robbery and assault did] *not occur at the same time*.'" *Id.* at 960 (quoting report of proceedings) (emphasis in original).

The trial court did not abuse its discretion by concluding that here, as in *Knight*, the robbery was complete before the assault. 176 Wn. App. at 962. Under the transactional view of robbery, the record supports the conclusion that choking Ewing met the force requirement and forcing Ewing out of the car met the taking requirement. *See Truong*, 168 Wn. App. at 535-36. And although Sadowski claims that throwing the bottle was part of the ongoing robbery offense because it was an act of force that helped Sadowski and McKinley escape, the record also supports the inference that Ewing's ejection from the car while Sadowski and McKinley remained inside effectively clinched their escape. These facts support a conclusion that the robbery was complete and the defendants poised to escape *before* Sadowski threw the bottle at Ewing's head.

Even if the record equally supports the conclusion that the assault and robbery occurred at the same time, that would not be sufficient for reversal. *See Aldana Graciano*, 176 Wn.2d at 537-38. Sadowski has not met his burden of establishing that the *only* supportable conclusion is that the offenses occurred at the same time. We therefore affirm the trial court's conclusion that the robbery was complete before the assault and the two offenses did not occur at the same time.

Because we conclude that the trial court did not abuse its discretion by finding that the offenses did not take place at the same time, we do not consider the other statutory elements of same criminal conduct. *Id.* at 540.

We hold that Sadowski has not shown that the trial court erred when it ruled that the 1990 robbery and assault convictions did not constitute same criminal conduct.

II. *STATE V BLAKE*

After Sadowski was sentenced, our Supreme Court decided *Blake*, holding that Washington's strict liability drug possession statute, RCW 69.50.4013(1), violates state and federal due process clauses and therefore is void. 197 Wn.2d at 195. A defendant cannot be convicted based on a void statute. *See State v. Rice*, 174 Wn.2d 884, 893, 279 P.3d 849 (2012); *see also State v. Carnahan*, 130 Wn. App. 159, 164, 122 P.3d 187 (2005). "Moreover, a sentence that is based upon an incorrect offender score is a fundamental defect that inherently results in a miscarriage of justice." *In re Goodwin*, 146 Wn.2d 861, 868, 50 P.3d 618 (2002).

Sadowski's criminal history includes a conviction for possession of a controlled substance that increased his offender score. That conviction is now void under *Blake*, and cannot be included in his offender score. Because Sadowski was sentenced under an incorrect offender score, he must be resentenced.

8

III. STATEMENT OF ADDITIONAL GROUNDS

A.    *Matters Outside the Record*

Sadowski asserts that the State engaged in selective prosecution because it brought the bail jumping charge after dismissing the burglary charge.  According to Sadowski, the State hoped he would miss a hearing so it could bring the bail jumping charge.

Under *State v. McFarland*, "if a defendant wishes to raise issues on appeal that require evidence or facts not in the existing trial record, the appropriate means of doing so is through a personal restraint petition."  127 Wn.2d 322, 335, 899 P.2d 1251 (1995).  Sadowski points to no facts or evidence in the record that he was treated differently than other similarly situated defendants or that the State had an improper motivation, both of which he would need to prevail on a selective prosecution claim.  *State v. Terrovonia*, 64 Wn. App. 417, 422, 824 P.2d 537 (1992).  Sadowski could raise this claim in a personal restraint petition, but we do not further consider this argument here.

B.    *Other Arguments*

1.  *Ineffective Assistance of Counsel*

Sadowski contends that his trial counsel provided ineffective assistance by failing to argue that Sadowski satisfied the uncontrollable circumstances affirmative defense.  Sadowski maintains his counsel should have argued that he completely fulfilled his responsibility "to be in contact with the court" by calling pretrial services and stating that he was unable to appear in court for the August 2018 hearing.  SAG at 3.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee effective assistance of counsel.  *See Strickland v.*

*Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *State v. Grier*,

171 Wn.2d 17, 32, 246 P.3d 1260 (2011).  Ineffective assistance of counsel is a two-pronged

inquiry.  *Grier*, 171 Wn.2d at 32.  To prevail, Sadowski must show that his counsel's

performance was deficient, and that counsel's deficient performance prejudiced him.  *Id.* at

32-33.  A failure to prove either prong ends our inquiry.  *State v. Hendrickson*, 129 Wn.2d 61,

78, 917 P.2d 563 (1996).  Appellate courts apply "exceptional deference" when "evaluating

counsel's strategic decisions," and "[i]f trial counsel's conduct can be characterized as legitimate

trial strategy or tactics, it cannot serve as a basis for a claim . . . [of] ineffective assistance."

*State v. McNeal*, 145 Wn.2d 352, 362, 37 P.3d 280 (2002).

Calling pretrial services does not discharge a defendant's duty to appear after missing a

hearing.  RCW 9A.76.170(2).  Because Sadowski's suggested argument had no legal merit,

counsel strategically decided not to pursue a nonmeritorious defense and there was no deficient

performance.  *McNeal*, 145 Wn.2d at 362.  This ineffective assistance of counsel claim fails.

2. *Affirmative Defense*

Sadowski asserts that he should not have been convicted of bail jumping because he

qualified for the uncontrollable circumstances affirmative defense.  Sadowski emphasizes that he

attended all the other hearings and intended to abide by the order to appear.

The affirmative defense to bail jumping only applies where "the person appeared or

surrendered as soon as [the uncontrollable] circumstances ceased to exist."  RCW 9A.76.170(2).

Sadowski admitted that he did not do so.   The trial court thus properly convicted Sadowski of

bail jumping, and this claim fails.

*3. McIntosh's Testimony*

Sadowski suggests that his conviction must be reversed because the State should have presented the testimony of McIntosh, who worked for pretrial services and spoke with Sadowski on the phone when he called to explain his absence from the hearing.

But the State was under no obligation to introduce at trial evidence that would have helped Sadowski's defense. And to the extent Sadowski's argument can be construed as an ineffective assistance of counsel claim on the grounds that his trial counsel failed to call McIntosh to testify about her conversation with Sadowski, that claim would also fail because Sadowski has not shown prejudice. Sadowski testified that he contacted pretrial services on the day of the hearing to explain that he had no transportation to court. The State did not dispute that this conversation occurred. There is no reasonable possibility that the outcome of this trial would have been different if McIntosh also testified to the same conversation, thus, this claim fails. *In re Pers. Restraint of Lui*, 188 Wn.2d 525, 538, 397 P.3d 90 (2017).

## CONCLUSION

We hold that the trial court did not err in ruling that none of the 2009 offenses constituted same criminal conduct, and Sadowski's SAG presents no issues that merit reversal. However, Sadowski's offender score must be recalculated under *Blake*, thus, we affirm Sadowski's conviction, but remand to the trial court for resentencing.

No. 54424-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Lee, C.J.

_____
Sutton, J.